**FILED**

**August 20, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:45 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Karen Quinn | ) | Docket No. 2015-06-0025 |
| | ) | |
| v. | ) | State File No. 3004-2015 |
| | ) | |
| SMX | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 20th day of August, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Karen Quinn | | X | | | X | karen.quinn@mac.com<br>57 3rd Ave. N.<br>Mt. Juliet, TN, 37122 |
| Mike Newton | | | | | X | mike.newton@leitnerfirm.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov

FILED

August 20, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:45 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Karen Quinn | ) Docket No. 2015-06-0025 |
| | ) |
| v. | ) State File No. 3004/2015 |
| | ) |
| SMX | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

## Affirmed and Remanded—Filed August 20, 2015

---

This interlocutory appeal involves an employee who alleges to have suffered a back injury lifting a heavy box at work. The employer denied the claim based on its belief that the employee did not suffer a work-related injury. Following an expedited hearing, the trial court declined to order medical benefits based on a finding that the employee failed to establish an injury arising out of and in the course and scope of her employment. The employee has appealed. We affirm the trial court's decision and remand the case for any further proceedings that may be necessary.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Karen Quinn, Mt. Juliet, Tennessee, employee-appellant, pro se

Michael D. Newton, Chattanooga, Tennessee, for the employer-appellee, SMX

1

## Factual and Procedural Background

Karen Quinn ("Employee") was employed by SMX ("Employer"), a temporary staffing agency, and was assigned to work at an Amazon.com ("Amazon") facility in Wilson County, Tennessee.[1] Employee alleges that on November 21, 2014, she was performing her duties at work when she hurt her back lifting a box containing a steel bench. Believing that her injury was a pulled or strained muscle, she did not report it that day. When she told an Amazon supervisor the following day that she had injured her back, he reportedly told her she could seek treatment at AmCare, Amazon's on-site medical facility. Believing she would not receive meaningful treatment, she elected not to go.

Several days later, Employee reported the injury to her supervisor, Amber Weisenhutter, who escorted her to AmCare. Employee informed the attending medical care provider at AmCare, Michelle Ammerman, that she injured her back lifting a box, and Ms. Ammerman provided BioFreeze treatments for the next several days. The notes from AmCare reflect that Employee's back began hurting when she was at home on November 16, 2014, and that she reported prior back pain while teaching yoga.

Employee testified that when Ms. Weisenhutter escorted her to AmCare, she presented a form for her to sign. Employee initially believed the form was an injury report but later came to believe it was a document titled Non-Work Related Declaration indicating her injury was not work-related. Robert Fratsch, Amazon's safety manager, also allegedly presented a document for Employee's signature on December 1, 2014, which she now believes was also a Non-Work Related Declaration. According to Employee, she overheard a conversation between Mr. Fratsch and Ms. Weisenhutter in which Mr. Fratsch confirmed to Ms. Weisenhutter that he had gotten "her" to sign "it." Employee acknowledged that the signature on the December 1 document was hers, but maintained that she either did not know what she was signing because it had been misrepresented or that portions of the document were concealed or altered to fraudulently obtain her signature.

On the date of Employee's alleged injury, she received a final written warning for being "off-task." Employee testified that she did not review this document, sign it, or receive a copy. However, the document bears what appears to be her signature. Employee was terminated on December 5, 2014. Mr. Fratsch testified that, after Employee was terminated, she contacted him to report a work-related injury. He told her she had signed the Non-Work Related Declaration, but instructed her to come to the facility to fill out a report and select a physician

---

[1] No transcript of the expedited hearing has been filed. Employee did file a statement of the evidence, which the trial court found was not a recitation of the evidence but, instead, was essentially a position statement. We agree. We also note, as the trial court did, that Employee's statement of the evidence does not comply with Section 3.4 of the Appeals Board's Practice and Procedure Guidelines, which permits the parties to file a joint statement of the evidence that must be approved by the trial judge. Thus, we have gleaned the factual background from the pleadings, exhibits introduced at the expedited hearing, and the trial court's order entered after the hearing.

2

from a panel. Employee did not appear as instructed because she was suspicious of Mr. Fratsch's motives. Mr. Fratsch testified that his investigation did not reveal a work-related injury and, therefore, Employee's claim was denied.

After being unable to resolve the dispute through mediation, Employee filed a Request for Expedited Hearing. The Request for Expedited Hearing was dismissed due to Employee's failure to file an accompanying affidavit as required by Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2015), which she corrected upon re-filing. At the expedited hearing, Employee asserted that she injured her back lifting a box at work, that she timely reported the injury, and that she was tricked into signing the Non-Work Related Declaration.

Following the expedited hearing, the trial court found that Employee failed to establish that she sustained an injury arising out of and in the course and scope of her employment. Thus, the trial court denied benefits. In doing so, the trial court noted concerns regarding the credibility of Employee, Ms. Weisenhutter, and Mr. Fratsch. On the other hand, the trial court found Ms. Ammerman to be a credible witness and, as a result, relied principally upon her testimony in making its ruling. Employee timely appealed, and the record was submitted to the Appeals Board on August 12, 2015.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)   Violate constitutional or statutory provisions;
(B)   Exceed the statutory authority of the workers' compensation judge;
(C)   Do not comply with lawful procedure;
(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

3

## Analysis

### A.

Employee has chosen to proceed pro se throughout the proceedings in the trial court and on appeal, which is her prerogative. It is well-settled, however, that pro se litigants must comply with the same standards to which represented parties must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926-27 (Tenn. Ct. App. 2014). As one court has observed,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 Tenn. App. LEXIS 766, at *11 (Tenn. Ct. App. Nov. 25, 2014) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Accordingly, appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel. To do so would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage," as the court would essentially be acting as counsel for the unrepresented party. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

### B.

With the foregoing principles in mind, we turn to the sufficiency of the record on appeal. Tennessee law is clear that the appealing party has the burden to ensure that an adequate record is prepared on appeal. As explained by one court,

> [t]he appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.

4

*Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *6-7 (Tenn. Workers' Comp. Panel May 19, 2004) (citation omitted). *See also Jernigan v. Hunter*, No. M2013-01860-COA-R3-CV, 2014 Tenn. App. LEXIS 617, at *5 (Tenn. Ct. App. Sept. 30, 2014) ("It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what has transpired in the trial court with respect to the issues that form the basis of the appeal.").

Further, including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, public confidence in the integrity and fairness of the process. As one court has observed, "[f]ull appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision . . . ." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at *12 (Tenn. Ct. App. Aug. 16, 2000). Indeed, "[w]ithout a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence . . . ." *Id.* at 7.

In the present case, the trial court, after thoroughly analyzing the testimony, found that Employee failed to present sufficient information to satisfy the court that she would likely succeed at a trial on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2014) ("[A] workers' compensation judge may . . . enter an interlocutory order upon determining that the injured employee would likely prevail at a hearing on the merits."). On appeal, Employee challenges the trial court's conclusion, asserting that the evidence does not support the decision. However, we have been provided with no record of any testimony taken during the expedited hearing which, according to the trial court's order, was relied upon by the court to resolve the issues. And, as noted above, no valid statement of the evidence has been submitted. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we presume that the trial court's ruling was supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

Marshall L. Davidson, III
Presiding Judge
Workers' Compensation Appeals Board